1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT

8          EASTERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,          CASE NO. 6:15-mj-110-MJS

11              Plaintiff,              ORDER DENYING DEFENDANT'S
                                        MOTION TO DISMISS
12        v.

13   ADRIAN NATURE

14              Defendant.

15

16   **I.    PROCEDURAL HISTORY**

17        On September 13, 2015, National Park Service Law Enforcement Ranger Scott

18   Nash arrested Defendant Adrian Nature for being under the influence of alcohol to a

19   degree he was perceived to be a danger to himself, others, or park resources. The arrest

20   took place in what the U.S. Congress has denominated the "El Portal Administrative

21   Site" adjacent to Yosemite National Park

22        On November 13, 2015 the Government filed a Criminal Complaint charging

23   Defendant with a single count of violating Title 36 Code of Federal Regulations § 2.35(c).

24   Defendant's initial appearance was held on December 1, 2015, and he entered a not-

25   guilty plea to that single charge.

26        On February 2, 2016, the Government filed a First Amended Complaint changing

27   the violation charged to one under Title 36 Code of Federal Regulations § 34.5(a)(21).

28

On February 9, 2016, Defendant filed a Motion to Dismiss the First Amended Criminal Complaint. On February 25, 2015, the Government filed an Opposition.

On February 29, 2016, the Government filed a Second Amended Complaint which amended the First Amended Complaint by deleting a statement indicating that Ranger Nash had been "in Yosemite National Park" when the arrest was made.

On March 3, 2016, Defendant filed a Reply to the Government's Opposition to the Motion to Dismiss.

Then, on March 21, 2016, the Government filed a Superseding Complaint amending the first paragraph allegation that the events took place "in Yosemite National Park" to reflect that they occurred "in the El Portal Administrative Site."

All parties agree the incident took place in the El Portal Administrative Site. The essential nature of the Motion to Dismiss and the issues raised therein, as well as in subsequent briefing, are unaffected by the amendments of the Complaint.

On March 22, 2016 the Court heard oral arguments on the Motion to Dismiss. At the conclusion of the hearing, the Court ordered both parties to submit proposed orders.

The Court has carefully considered the written and oral arguments of counsel and the law and analysis in the proposed orders drafted by each of them. The Court concludes that the Government's proposed order reaches the correct conclusion under the law and denies the motion to dismiss for the reasons, largely adopted from the government's proposed order, which follow.

## II.    FACTS RELEVANT TO MOTION TO DISMISS

The facts, as alleged in the Criminal Complaint against Defendant, may be summarized as follows:

On September 13, 2015, at approximately 8:47 p.m., Park Ranger Scott Nash was on duty when he received a report from Yosemite Dispatch of a subject at the El Portal Community Center parking area being under the influence of alcohol and attempting to get into a vehicle and drive to Camp Four, in Yosemite Valley, Yosemite

1    National Park ( a distance the Court judicially notices is approximately 15 miles away

2    along a narrow, curvy mountain road). Reportedly, witnesses at the scene were trying to

3    dissuade the individual from driving.

4         When Ranger Nash, accompanied by Ranger Jeff Cummings, arrived at the

5    intersection of Foresta Road and El Portal Road in the El Portal Administrative Site, he

6    observed a male subject, later identified as Adrian Nature, Defendant here, sitting in the

7    driver's seat of the suspect vehicle. A female was standing at the driver's side door

8    apparently attempting to talk to him.

9         Ranger Nash contacted the reporting party who stated he observed the defendant

10   walking from the area of the El Portal Community Center to his vehicle. This person said

11   Defendant had been stumbling and staggering across the road, almost fell three times

12   while crossing the road, and was obviously intoxicated. The reporting party was

13   concerned Defendant intended to drive back to his Camp Four campsite in Yosemite

14   Valley and might hurt himself or others in the process. This party further reported that

15   Defendant had twice started the vehicle in which he sat, and witnesses had to talk him

16   into turning off the ignition and not drive away. At one point, a witness parked a vehicle

17   behind Defendant's vehicle to interfere with his ability to drive.

18        Ranger Nash observed Defendant exit the vehicle and stand at the front driver's

19   side.  Defendant swayed and started to lose his balance when standing unsupported

20   and used the vehicle for balance. He had glassy, watery eyes, his speech was slurred,

21   and the odor of alcoholic beverages emanated from him.  Defendant stated he had

22   consumed "three or four beers", finishing the last "an hour ago." He hesitated when

23   asked for his date of birth and then gave an incorrect date. He spelled his first name

24   incorrectly.

25        Defendant was placed under arrest for being under the influence of alcohol to a

26   degree he may have been a danger to himself, others, or park resources.

27

28

-3-

III.     **THE COMPETING LEGAL POSITIONS**

Defendant's position, as reflected in his February 9, 2016 Motion to Dismiss and subsequent filings and argument, can be summarized essentially as follows:

1) At the time of the alleged offense, Defendant was in the El Portal Administrative Site, not within the boundaries of Yosemite National Park,

2) Congress, in creating the El Portal Administrative Site in 1958, specifically exempted it from coverage of the rules and regulations governing Yosemite National Park; 16 U.S.C. 47-1 (a) and (e);

3) Nevertheless Defendant is charged with violating 36 CFR 2.35 (c), a regulation which prohibits being in a "park area" while under the influence of alcohol or drugs to a degree that he or she might endanger oneself or another person or damage property.

It is the Court's understanding that the Government's does not dispute any of the above three points.  The Court finds them to be established.

However, the Government notes that the El Portal Administrative Site enacting legislation specifically authorized the Secretary of the Interior to "make and publish such rules and regulations as he may deem necessary and proper for [the El Portal Administrative Site's] use and management". 16 U.S.C 47-1 (e).  Pursuant to this authority, the Government asserts, the Secretary of the Interior promulgated 36 CFR 34.5 which incorporates some 58 specific rules and regulations applicable to Yosemite National Park, including 36 CFR 2.35 (c), the regulation Defendant is charged with violating, and makes them applicable to the El Portal Administrative Site.

The Defense retorts, in essence, as follows:  The Secretary exceeded his authority in so acting. The regulation at issue, 36 CFR 2.35 (c), criminalizes being under the influence, as described therein, in a "park area".  Clearly, Congress drew a distinction between Yosemite National Park and the El Portal Administrative Site. The

1    regulation, 36 CFR 1.4, defines "park area" as the area administered by the Secretary for

2    "park, monument, historic, parkway, recreational or other purposes". Congress intended

3    the El Portal Administrative Site to be something other than a park or park area; why

4    else did it expressly make the park rules inapplicable to it. If the Secretary's regulation

5    36 CFR 2.35 (c) can make the prohibition against being under the influence in a "park

6    area" applicable to the El Portal Administrative Site, the Secretary is effectively

7    disregarding Congress's intent to distinguish between the two and leave park rules

8    inapplicable to the administrative site. The Secretary is, in effect, classifying the El Portal

9    Administrative Site as a "park area" contrary to Congress' intent. The Secretary has no

10   authority to so override Congress.

11

12        **IV. <u>ANALYSIS</u>**

13        Although no one claims the Secretary of the Interior has authority to overrule

14   Congress, Defendant does not provide legal authority for the remainder of the position

15   outlined in the preceding paragraph. No one has cited to anything purporting to  prohibit

16   the Secretary from adopting and adapting a regulation designed for the National Park

17   and making it applicable to the administrative site. Congress did not say: "The

18   Secretary may not promulgate regulations that are identical to those used in the Park." It

19   simply said that those National Park rules would not apply to the administrative site as a

20   matter of law, but it gave the Secretary the authority to decide the regulations which

21   would apply to the administrative site.

22        Indeed, Defendant cites to no authority that would prohibit the Secretary, in his

23   congressionally authorized adoption of regulations, to consider the administrative site to

24   be a "park area", in the sense that it fulfills one of the "other purposes" included in the

25   definition of national parks. The fact that The El Portal Administrative Site is exempted

26   from Yosemite National Park regulations does not mean it is not a "park area." The Court

27   finds no requirement that a "park area" include only the areas subject to the laws and

28   regulations governing national parks. Granted, one might wonder why Congress

-5-

1  distinguished, as it did, between the national parks and the administrative site, but

2  nowhere did it preclude the Secretary from referring to the administrative site as an area

3  fulfilling "other park purposes". Indeed, the El Portal Administrative Site seems to fit

4  precisely within the definition:  it is an area of land, administered by the Secretary of the

5  Interior through the National Park Service, for a park purpose.  The intent of Congress

6  that it be created for a park purpose is clear in the enabling statute, "To enable the

7  Secretary of the Interior to preserve the extraordinary natural qualities of Yosemite

8  National Park…" *16. U.S.C. §47-1(a).*

9         Absent a prohibition or legislative history prohibiting the Secretary from so acting,

10  reason and logic support the Secretary's adoption of a regulation prohibiting one being

11  dangerously under the influence of alcohol in the administrative site, i.e., criminalizing

12  precisely such behavior as Defendant is alleged to have engaged in here.  This

13  conclusion is, as the government suggests, supported by the so called "plain language"

14  doctrine: "In construing the provisions of a statute, we first analyze its language to

15  determine whether its meaning is plain." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d

16  946, 951 (9th Cir.2009)(citing *McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir.2008)).

17  "The starting point in every case involving construction of a statute is the language itself."

18  *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S.Ct. 1917, 1935, 44

19  L.Ed.2d 539 (1975). "The preeminent canon of statutory interpretation requires us to

20  presume that the legislature says in a statute what it means and means in a statute what

21  it says there. Thus, our inquiry begins with the statutory text, and ends there as well if

22  the text is unambiguous." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th

23  Cir.2009)(citing *McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir.2008)). (internal

24  alteration omitted) (quoting *BedRoc Ltd., LLC v. United States*, 546 U.S. 176, 183, 124

25  S.Ct. 1587, 158 L.Ed.2d 338 (2004)). In this vein, on September 2, 1958 Congress

26  established The El Portal Administrative Site. It stated:   "To enable the Secretary of the

27  Interior to preserve the extraordinary natural qualities of Yosemite National Park,

28  notwithstanding its increasing use by the public, the Secretary is hereby authorized to

1   provide in the matter hereinafter set forth an administrative site in the El Portal area

2   adjacent to the Yosemite National Park, in order that utilities, facilities, and services

3   required in the operation and administration of Yosemite National Park may be located

4   on such site outside the park." *Title 16 United States Code § 47-1(a).* Congress further

5   laid out regulations for the management and supervision of The El Portal Administrative

6   Site. "Until further action by Congress, the lands acquired by or transferred to the

7   Secretary of the Interior hereunder shall not become a part of Yosemite National Park,

8   nor be subject to the laws and regulations governing such park, **but the Secretary of**

9   **the Interior shall have supervision, management, and control of the area and shall**

10  **make and publish such rules and regulations as he may deem necessary and**

11  **proper for its use and management…"** *Title 16 United States Code § 47-1(e).*

12  Emphasis added.

13        The Secretary did precisely as Congress directed, and he did so in accordance

14  with Congress' mandate.   The El Portal Administrative Site Regulations were enacted in

15  1986 and first published under the Federal Register 51 FR 2901-02.  The "regulations

16  provide for the protection of persons, property and natural and cultural resources within

17  the El Portal Administrative Site." *Title 36 Code of Federal Regulations § 34.1.*  Under

18  section 34.5, specific park regulations are incorporated and made a part of The El Portal

19  Administrative Site Regulations.  Those regulations include Title 36 C.F.R. § 1.4

20  incorporated into § 34.5(a)(2) and Title 36 C.F.R. § 2.35 incorporated into § 34.5(b)(21).

21        The Court concludes, as set forth above, that the United States has jurisdiction to

22  proceed to prosecute this action against Defendant for his alleged violation, at the El

23  Portal Administrative Sight, of  36 CFR 2.35 (c).

24        In passing, Defendant did appear to argue at one point that the federal

25  government could not, in any event, enforce its criminal laws in the El Portal

26  Administrative Site because it did not have exclusive jurisdiction over the site. Defendant

27  is incorrect.  There being nothing before the Court to indicate the State of California

28  either consented to such jurisdiction or ceded it to the federal government, this Court will

1   assume, for purposes of this case, that federal jurisdiction in The El Portal Administrative

2   Site is neither exclusive nor concurrent[1].  *U.S. v. Bohn*, 622 F.3d 1129, 1134 (9th Cir.

3   2010). However, "[t]he federal government has at least proprietary jurisdiction over land

4   that it owns." *Bohn* at 1133, citing *Kleppe* 426 U.S. at 540, 96 S.Ct 2285, 49 L.Ed.2d 34

5   (1976) citing, U.S. Const., Art. IV, s 3, cl. 2..  And the Property Clause gives Congress

6   very broad authority to regulate public lands, "The Property Clause grants congress

7   plenary power to 'determine what are needful rules respecting public lands.'" *Id*, citing

8   *Kleppe v. New Mexico* 426 U.S. 529, 535, 96 S.Ct. 2285,  "[W]hile congress can acquire

9   exclusive or partial jurisdiction over lands within a State by the State's consent or

10  cession, the presence or absence of such jurisdiction has nothing to do with the power

11  under the Property Clause.  Absent consent or cession a State undoubtedly retains

12  jurisdiction over federal lands within its territory, but Congress equally surely retains the

13  power to enact legislation respecting those lands pursuant to the Property Clause." *U.S.

14  v. Bohn*, 622 F.3d 1129, 1134) citing *Kleppe*, 426 U.S. at 542-43, 96 S.Ct. 2285.

15

16  **V.    FINDINGS AND CONCLUSION**

17        For the reasons discussed, this court finds as follows:

18        1.  Under Title 16 U.S.C § 47-1, Congress created The El Portal Administrative

19            Site and gave the Secretary of the Interior authority to supervise, manage, and

20            control the area, including authority to make regulations governing its use and

21            management.

22        2.  The federal government has at least proprietary jurisdiction in The El Portal

23            Administrative Site and authority to make laws and regulations governing its

24            use and management.

25        3.  The Secretary of the Interior used the authority so given to enact Title 36

26            C.F.R. § 34 and make applicable to the El Portal Administrative Site various

27

28  [1] "The federal government may acquire exclusive or concurrent jurisdiction over land located within a state either by consent or by cession.  *U.S. v. Bohn*, 622 F.3d 1129, 1133 (9th Cir. 2010)

regulations in effect in Yosemite National Park, including in particular, 36 CFR 2.35 (c),which criminalizes behavior such as Defendant is charged with in this case.

4.  The United States had and retains jurisdiction to enact and enforce within the El Portal Administrative Site the regulation Defendant is here charged with violating.

For these reasons, Defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

Dated:  __May 24, 2016__          ____ /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

-9-